## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:17 CR 37** |
| | ) | |
| **VINCENT E PRUNTY** | ) | |

## OPINION and ORDER

This matter is before the court on defendant Vincent Prunty's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 187.) For the reasons that follow, the motion will be denied.

## I.      BACKGROUND

In August 2019, following his guilty plea, Prunty was sentenced to a 154-month term of imprisonment, to be followed by a two-year term of supervised release, for wire fraud, mail fraud, and aggravated identity theft, in violation of 18 U.S.C. § 1341, 1343, and 1028(A). (DE # 115.) Prunty is currently incarcerated at FCI Pekin, in Pekin, Illinois. Prunty is 37 years old and has a projected release date of October 11, 2028. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Feb. 1, 2021).

On September 16, 2020, Prunty filed a motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 187.) Prunty claims that the conditions in his particular prison, in combination with his morbid obesity, place him at higher risk of serious illness were he to contract COVID-19. He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from

prison.[1]

Pursuant to this court's General Order 2020-11, the undersigned referred Prunty's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Prunty may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 190.) After reviewing Prunty's case, the FCD filed a notice of non-representation, stating that they would be unable to assist Prunty. (DE # 194.) The Government opposes Prunty's motion. (DE # 201.)

## II.  ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant

---

[1] Prunty also requests an assignment of home confinement, under the provisions of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). The relevant portion of the CARES Act states,

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

*Id.* This provision grants additional authority to the Attorney General and the Director of the Bureau of Prisons – not to district courts. *United States v. Neeley*, No. 114CR00096SEBTAB, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Accordingly, this court will construe Prunty's present motion as a motion for compassionate release under § 3582(c)(1)(A)(i) only. Under § 3582(c)(1)(A)(i), the court can grant a defendant compassionate release, and, if appropriate, impose a term of supervised release that includes a period of home confinement.

2

compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

**1.      Exhaustion**

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The Government argues that defendant failed to exhaust his administrative remedies. On August 3, 2020, Prunty submitted a request for compassionate release to the warden of his facility. (DE # 187.) On September 1, 2020, his request was denied. (DE # 227 at 3.) Defendant filed his present motion with this court on September 16, 2020. (DE # 187.) However, there is no indication on the record that Prunty pursued the full extent of his administrative remedies, including an administrative appeal, with the

BOP prior to filing his present motion. Thus, his motion must be denied on the basis that he failed to meet the exhaustion requirements of § 3582(c)(1)(A). However, even if Prunty had exhausted all of his administrative remedies, his motion would be denied on the merits because he has failed to identify any extraordinary and compelling reason justifying his early release from prison.

      **2.**      **Extraordinary and Compelling Reasons**

The court is only authorized to grant Prunty' request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13

and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Prunty argues that his obesity places him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having obesity or severe obesity increases a person's risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 1, 2021).

Prunty also alleges that he should be granted compassionate release based on his risk of contracting COVID-19 at his prison. The prison where Prunty is incarcerated, FCI Pekin, initially had a large outbreak of COVID-19 at the facility. However, the BOP now appears to be controlling the spread of the virus at his prison. FCI Pekin houses 1,139 prisoners. *FCI Pekin*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/pek/ (last visited Feb. 1, 2021). The BOP

reports that 792 inmates and 67 staff members at the facility have recovered from the virus. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Feb. 1, 2021). Currently, the prison has 9 inmate and 10 staff cases of COVID-19 at the facility. *Id.* There have been zero inmate and staff deaths due to the virus. *Id.*

Under the circumstances, Prunty has not established an extraordinary and compelling reason warranting compassionate release. His medical condition alone does not meet this standard, as there is no indication that his condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1. Furthermore, his condition, in light of the COVID-19 pandemic and the conditions at his prison, do not justify compassionate release. While Prunty may be at an increased risk were he to contract COVID-19, it appears that the virus has been effectively controlled at his facility. Accordingly, defendant has failed to identify an extraordinary and compelling reason for his early release from prison.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to defendant's situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and

the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, his motion will be denied.

## III.     CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 187).

                              **SO ORDERED.**

Date: February 1, 2021

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT